# Order

**Michigan Supreme Court**
**Lansing, Michigan**

August 24, 2012

145698 & (45)(47)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

PROTECT MI CONSTITUTION,
      Plaintiff-Appellee,

v

SC: 145698
COA: 311504

SECRETARY OF STATE,
      Defendant,

and

CITIZENS FOR MORE MICHIGAN JOBS,
      Intervening Defendant-
      Appellant.

_____/

On order of the Court, the motion for immediate consideration and motion to file brief amicus curiae are GRANTED. The application for leave to appeal the August 14, 2012 judgment and order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and VACATE that court's order of mandamus. The ballot proposal seeks voter approval of a constitutional amendment, and accordingly it is governed by Const 1963, art 12, § 2. There is no showing that there has been a failure to comply with this provision. The Court of Appeals erroneously applied Const 1963, art 4, § 25, which applies to amendments of laws. The plaintiff's complaint for mandamus is DISMISSED. The Secretary of State, the Board of State Canvassers, and the Director of Elections are directed to proceed.

MARKMAN, J. (*concurring*).

It is seemingly the view of all the other justices of this Court that in amending the Constitution under Const 1963, art 12, § 2, compliance is neither required with the procedures of Const 1963, art 2, § 9, providing that no voter-initiated law "shall be amended or repealed, except by a vote of the electors" and that electors as a result must be apprised on the petition that a voter-initiated law has been placed in jeopardy, nor with Const 1963, art 4, § 25, providing that no law shall be "revised, altered or amended by reference to its title only" and that the sections revised, altered or amended "shall be reenacted and published at length." I do not consider either of these propositions to be indefensible, or even unreasonable, but I do respectfully disagree, for I view the Constitution to be sufficiently clear to the contrary.

In the instant case, the "initiated law" being "amended" or "altered" is the Gaming Control and Revenue Act (Gaming Act), MCL 432.201 *et seq.*, adopted by the voters in 1996. As the Court of Appeals comprehensively points out, there are myriad provisions of that Act that would be rendered null and void by the contradictory language of intervening defendant's ballot proposal, including those pertaining to gaming tax rates, the allocation of gaming tax revenues, the authority of the Gaming Control Board, casino-municipality relationships, and investor disclosure requirements. Thus, I agree with the Court of Appeals that the ballot proposal "thoroughly revises the Act." Despite this, there is nothing in defendant's petition that identifies it to voters as a proposal to amend the Gaming Act, for it is silent in that regard. The petition fails even to alert voters to the fact that they are being asked to amend a law that they themselves previously enacted through the initiative process, a requirement, in my view, that is provided for by both Const 1963, art 2, § 9 and Const 1963, art 4, § 25, the former requiring that a conflict with an existing voter-initiated law be identified and the latter requiring republication of the conflicted law.

In short, I agree with the Court of Appeals – and not just with the judges in the majority, but also with the dissenting judge, who recognizes that defendant's ballot proposal "does not, in fact, conform to the requirements of our Constitution for presentation to the voters" – that the pending ballot proposal is flawed. I am not persuaded by defendant's argument that because it "makes no changes in the Gaming Act itself" but only to the Constitution, its ballot proposal need not comply with the requirements of Const 1963, art 2, § 9 or Const 1963, art 4, § 25, despite the fact that, if adopted, the proposal would largely nullify the Gaming Act. It is too clever an argument that it is only the Constitution that is being "amended" or "altered," and not also the Act. Rather, the effect, indeed the *intended* and not merely an incidental effect, of defendant's proposal is to "amend" and to "alter" the Gaming Act, and the harm feared by Justice Cooley, *People v Mahaney*, 13 Mich 481 (1865) – that "the public, from the difficulty in making the necessary examination and comparison, fail[] to become apprised of the changes made in the law" – is exactly the harm that is posed in this particular case.

While I am appreciative that there is a strong democratic imperative grounded within our Constitution requiring that this Court respect and facilitate the initiative and referendum processes, there are also countervailing democratic imperatives that counsel caution and restraint. First, although Const 1963, art 12, § 2 provides that "[a]mendments may be proposed to [the] constitution by petition of the registered electors of this state,"

this same provision provides that "such petition shall be in the form, and shall be signed and circulated in such manner, *as prescribed by law*." Thus, just as the people have enacted the former authority, so too have they enacted the latter constraint. Second, although Const 1963, art 2, § 9 sets forth the "power to propose laws . . . called the initiative," this same provision provides that, after adoption, these initiatives are accorded special protections against subsequent modification. Thus, just as the people are entitled to pursue initiatives such as the present one, the same people who adopted the Gaming Act initiative in 1996 are entitled to have *their* initiative upheld absent compliance with constitutional procedures. Third, although it is relevant only to referendums, the same constitutional provision that authorizes the referendum process, Const 1963, art 2, § 9, also specifies that such process "must be invoked in the manner prescribed by law," no doubt because it is an extraordinary process that replaces the ordinary democratic procedures of government, in which a majority of the people's representatives in the Legislature enact laws, with a procedure in which these laws can be enjoined by petitions signed by five percent of the people. Thus, again there are democratic imperatives in constitutional tension.

If there is virtue in today's decision, it is in providing clarity as to what the constitution requires of voter-initiated constitutional amendments. The people are entitled to know how this process is properly invoked. We have seen evidence over the past several weeks, and more such evidence appears imminent, of the confusion that exists in this respect on the part of the people, the Board of State Canvassers, the Secretary of State, and this Court itself. It is necessary for the integrity of the constitutional process, and for the integrity of this Court, that the rules be clarified. Although I read the Constitution differently from my colleagues, I welcome the clarity being introduced by today's decision. The process of amending the Constitution by initiative has been made simpler and more straightforward. Whether this is fully in accord with articles 2 and 4 of the Constitution is something about which reasonable minds can differ. I acquiesce and concur in the majority's decision and will adhere to it in all future cases of the same kind. It is a good thing that the law be settled in this matter.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

August 24, 2012 _____
Clerk

h0824